IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CLIFFORD E MCCOY,

    Plaintiff,

v.                                                           CASE NO. 1:14-cv-115-MW-GRJ

LINDA YOUNG, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this case by filing a *pro se* Complaint pursuant to 42 U.S.C. § 1983, and paying the filing fee. Docs. 1, 2. Pursuant to N.D. Fla. Loc. R. 72.2(E), this case has been referred to the undersigned for a recommended disposition. After review of the Complaint, the undersigned recommends that it be dismissed for failure to state a claim and because it is frivolous.

## ALLEGATIONS OF THE COMPLAINT

Plaintiff names four individuals as defendants: Linda Young, a DMV Supervisor, Bonnie Griffin, a driver's license officer, Robert Rush, a public defender, and Robert Eliss, an officer with the Alachua County Sheriff's Office. Although some of Plaintiff's allegations are difficult to construe, he complains that in 1993 he was charged with a DUI. His license was suspended for one year, he was placed on probation, and assessed a fine. In 1994, when he attempted to have his license reinstated, the driver's license officer, who is not named, told him that she would make it her business to make sure Plaintiff never had a license again, and his license was suspended from 1994 to

2011.

In 2010, Plaintiff alleges that he went to the Gainesville, Florida, driver's license office and Ms. Linda Young told him that he had to apply for a hardship license. Plaintiff then went to the Sunshine Safety Council in Daytona Beach, where he had to pay for supervision and blood work.  In 2011, he received the hardship license with restrictions and an inter-lock device.  The inter-lock device cost Plaintiff $76.55 each month, and he also had to pay $65.00 per month for supervision "for the rest of [his] life."  In 2012, Ms. Bonnie Griffin got in touch with Plaintiff to inform him that she had located another DUI on his record from 1986, and Plaintiff's license would be suspended, or he could pay a fine.  Plaintiff protested that he did not have another DUI, but Plaintiff paid the fine so his license would be re-instated.  Plaintiff alleges that his license was reinstated.

In his "statement of claims" section, Plaintiff alleges that he believes Ms. Young is "responsible for harassment," and that in 1986, Mr. Robert Rush violated a plea agreement connected to his DUI in some way, and that in 1985 Officer Robert Eliss and another officer came into Plaintiff's home and placed him under arrest, thereby violating Plaintiff's civil rights.

## DISCUSSION

There are a number of problems with Plaintiff's claims that are not susceptible to cure.  The first problem is that Plaintiff does not allege that any federal or constitutional right was violated. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the

United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell,* 550 U.S. at 555 (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Iqbal*, 556 U.S. at 680-84 (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible."). However, giving Plaintiff's *pro se* Complaint a generous reading, the Court construes his claim as alleging a claim that his due process rights were violated with respect to the suspension of his driver's license.

The further problem is that to the extent Plaintiff claims that his due process rights were violated, his Complaint fails to state a claim. In a case with similar facts, the Eleventh Circuit has noted that when a right at stake is one that is created only by state law, such as the right to a driver's license, it does not give rise to substantive due process protection, only procedural due process protection. *Burlinson v. Rogers*, 311 Fed.Appx. 207 (11th Cir. 2008) (citing *Dixon v. Love*, 431 U.S. 105, 112 (1977)). In that case, as long as *some* adequate post-deprivation remedy is available, no due process violation has occurred. *Id.,* citing *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).

In this case Plaintiff had an adequate post-deprivation remedy available because

Plaintiff himself admits that his driver's license was re-instated after the suspension. Doc. 1 at 4. *See also Wilson v. Florida Dept. Of Highway Safety and Motor Vehicles, Div. Of Driver Licenses*, 2010 WL 6762952 (M.D. Fla. 2010).

Further, to the extent that Plaintiff is requesting damages for relief based upon the illegality of his conviction for DUI, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck* the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (footnote omitted).

In considering whether a claim is *Heck*-barred, the Court must determine whether a plaintiff's factual allegations, if proven, would necessarily undermine the validity of the plaintiff's conviction. *See Edwards v. Balisok*, 520 U.S. 642, 646-48 (1997). If the factual basis of the plaintiff's civil case is "inconsistent with [his] conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003).

Plaintiff's complaint implicates *Heck*, because, among other relief, Plaintiff seeks relief for the six months that he spent in jail, and reimbursement for the inter-lock device and the costs of supervision associated with the reinstatement of his license. Although he does not specify the amount of damages he requests for his time in jail, this relief, if

granted, would call into question the validity of his criminal conviction for DUI. Accordingly, absent expungement or invalidation of his criminal conviction, Plaintiff's civil claims are barred by *Heck.*

Lastly, with respect to Plaintiff's claims against Defendant Rush and Defendant Officer Eliss, his claims are barred by the statute of limitations.  A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988).  Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

In this case, Plaintiff clearly alleges that the violation of his rights with respect to Defendants Rush and Eliss occurred in 1986 and 1985, when he was arrested and charged in a state criminal case with a DUI.  Doc. 1.  The instant case was filed on July 3, 2014, well beyond the four-year limitations period. *Id*.  Thus, Plaintiff's claims are barred by the statute of limitations. *See Clark v. Ga. Pardons and Paroles Bd*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (expiration of limitations period warrants dismissal as

frivolous).

Further, even if Plaintiff's claims against Defendant Rush were not barred by the statute of limitation, his claims would still fail. In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir.2003) (citation and quotation marks omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Therefore, Plaintiff's claims against public defender Robert Rush are without merit. Furthermore, court-appointed lawyers are generally immune from malpractice suits. *Sullens v. Carroll*, 446 F.2d 1392, 1392-93 (5th Cir.1971) (court-appointed lawyers). Thus, Plaintiff may not sue Defendant Rush.

In sum, even liberally construed, the facts alleged do not suggest that Plaintiff could amend his complaint to assert a cognizable claim for relief against any of the defendants. The Plaintiff cannot raise a cognizable federal claim for the loss of his driver's license and, therefore, the Court concludes that amendment of the complaint would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In light of the foregoing, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** because it fails to state a claim, is frivolous, and because Plaintiff

seeks relief against a defendant who is immune from suit.  All pending motions should be terminated, and the case closed.

**IN CHAMBERS,** at Gainesville, Florida, this 24th day of October 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.